```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
QUINNDALE POLK,                                       :
                                                      :
                              Petitioner,             :
                                                      :         15-CV-4979 (VSB) (HBP)
              -v-                                     :
                                                      :           **OPINION & ORDER**
D.O.C.C.S COMMISSIONER,                               :
ANTHONY ANNUCCI,                                      :
                                                      :
                              Respondent.             :
                                                      :
------------------------------------------------------X
```
Appearances:

Quinndale Polk
Dannemora, New York
*Pro se Petitioner*

Sylvia Frances Wertheimer
New York County District Attorney's Office
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

      Petitioner Quinndale Polk, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on June 22, 2015 (the "Petition"). (Doc. 2.) Before me is Magistrate Judge Pitman's March 27, 2018 Report and Recommendation (the "Report" or "R&R") recommending that the Petition be denied in full. (Doc. 24.) The Report also recommends that I deny Petitioner a certificate of appealability because he failed to make a substantial showing that his constitutional rights were abridged, as required by 28 U.S.C. § 2253.

      On May 1, 2018, after requesting and receiving an extension of time, Petitioner timely filed written objections to the Report. (Doc. 27.) I have reviewed the Report and Petitioner's

objections, and find the Report to be thorough and accurate in all respects. For the reasons stated herein, I overrule the objections and ADOPT the Report in its entirety. Accordingly, the Petition is DENIED.

The factual and procedural history is thoroughly set out in the Report, familiarity with which is assumed. Petitioner was convicted on October 28, 2005 following a jury trial in New York Supreme Court, New York County of four counts of murder in the second degree and two counts of kidnapping in the first degree. He was sentenced to two consecutive, indeterminate terms of imprisonment of 25 years to life, for an aggregate sentence of 50 years to life. On appeal, the Appellate Division affirmed Petitioner's conviction and sentence. *See People v. Polk*, 988 N.Y.S.2d 172 (1st Dep't 2014). The New York Court of Appeals denied leave to appeal. *People v. Polk*, 18 N.E.3d 1146 (N.Y. 2014).

## I. Legal Standards of Review

### A. *Review of Magistrate Judge's Report*

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)). "If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Bush v. Colvin*, No. 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017) (quoting *United States v. Romano*, 794 F.3d

317, 340 (2d Cir. 2015)). "Even where exercising de novo review, a district court 'need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety.'" *Id.* (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)). "The objection must be specific and clearly aimed at particular findings in the R&R." *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (internal quotation marks omitted). "Otherwise, the court will review the R&R strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.* (internal quotation marks omitted).

### B. *AEDPA*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A state court's factual findings are presumed correct unless the petitioner comes forward with clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

### C. *Pro Se Submissions*

"*Pro se* parties are generally accorded leniency when making objections." *Hill v. Miller*, No. 15 Civ. 6256 (KMW)(JCF), 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)). "Nonetheless, even a *pro se* party's objections to a[n] [R&R] must be

specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.*

## II. Discussion

Petitioner objects to Magistrate Judge Pitman's recommendations and conclusions in a single handwritten page. Petitioner states that he "objects to Judge Pitman report and recommendation" with regard to four of Magistrate Judge Pitman's findings: (1) the "procedurally barred claims," (2) "inconsistent verdict," (3) "harsh and excessive [sentence claim]," and (4) "the felony murder charge." In support of his objections, Petitioner merely cites to his brief in support of the Petition. In other words, Petitioner reiterates the same arguments that Magistrate Judge Pitman considered and rejected in the Report. (*See* R&R 10.) As such, Petitioner's objections are not "specific and clearly aimed at particular findings in the R&R." *Bussey*, 2016 WL 7189847, at *2 (internal quotation marks omitted). Accordingly, Petitioner's arguments merit review only for clear error. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *see also Vega v. Artuz*, No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations.").

I have reviewed Magistrate Judge Pitman's thorough and well-reasoned Report and Recommendation and find no clear error. Magistrate Judge Pitman reached his determination after a careful review of the record and Plaintiff's submissions. I therefore adopt Magistrate Judge Pitman's recommended judgment for the reasons stated in the R&R.

### III. Conclusion

For the reasons stated above, I hereby ADOPT Magistrate Judge Pitman's Report and Recommendation, (Doc. 24), in its entirety.  Polk's petition for a writ of habeas corpus is DENIED.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: November 15, 2018
      New York, New York

_____
Vernon S. Broderick
United States District Judge